IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| TONY ORLANDO MYLES | § | |
| VS. | § | CIVIL ACTION NO. 9:20-CV-252 |
| YOLANDA BARLOW, *et al.*, | § | |

MEMORANDUM OPINION AND ORDER OVERRULING OBJECTIONS
AND ADOPTING REPORT AND RECOMMENDATION

Plaintiff, Tony Orlando Myles, an inmate formerly confined at the Gib Lewis Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Lieutenant Yolanda Barlow, Sergeant Kiyo J. Moye, Captain Michael P. Moriarity, Captain Matthew J. Davidson, and Sergeant Marcus D. Preston.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Lufkin, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends the complaint be dismissed as frivolous and for failure to state a claim (Doc. # 6).

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the records, and pleadings. Plaintiff filed Objections to the Report and Recommendation of United States Magistrate Judge (Doc. # 6). Plaintiff also filed an Amended Complaint (Doc. # 8). This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

After a careful review, the court finds plaintiff's Objections lacking in merit. While Plaintiff attempts to plead more specifically the personal involvement of each supervisory Defendant, Plaintiff still fails to put forth sufficient facts alleging the Defendants were deliberately indifferent. Plaintiff's chief complaint is that the food he is served is cold and full of roaches. In his Objections, Plaintiff concedes that each Defendant in response to his complaints either arranged for Plaintiff to get an

alternate meal ("food loaf"), a sack lunch, or provided him a hot pot to heat his food or sent the food cart back. While Plaintiff later alleges Defendant Davidson told him another time to "tell Donald Trump" in response to Plaintiff's repeated complaints, this statement alone does not evince the wanton disregard for Plaintiff's health and safety necessary to plead a claim for deliberate indifference. Deliberate indifference is more than mere negligence. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Id*. at 837.

With respect to food, the prison system is not required to provide inmates with three meals a day. *Green v. Ferrell*, 801 F.2d 765, 770 (5th Cir. 1986). "The constitution requires only that inmates be provided with well-balanced meals, containing sufficient nutritional value to preserve health." *Davis v. Stephens*, No. 2:15-CV-211, 2015 WL 4887577, at *8 (S.D. Tex. Aug. 17, 2015) (citing Green, 801 F.2d at 770-71). Furthermore, "[w]ithout an allegation of resulting harm, complaints regarding food service practices simply are not of constitutional dimension." *See Billizone v. Jefferson Parish Correctional Center*, No. 14-1263, 2015 WL 1897683, at *5 (E.D. La. Apr. 27, 2015) (internal quotations and citations omitted). Here, Plaintiff concedes that every time he creates a disturbance about the food, a supervisor (one of the Defendants) comes and fixes the problem and he "didn't suffer as much." Plaintiff does not allege he has gone without food for any extended period of time. As to these Defendants, Plaintiff has simply failed to plead deliberate indifference.

Finally, in his Amended Complaint, Plaintiff alleges Defendant Moye threatened to inflict harm on him if Plaintiff did not "drop" his civil suit (Doc. # 8). Plaintiff contends specifically that on February 6, 2021, Defendant Moye "beat" on his cell door at breakfast time and refused to feed him breakfast. Plaintiff alleges further that Defendant Moye told him he would never give Plaintiff cold food or food with roaches on it but then refused to get him a "Johnny." Defendant Moye

allegedly also said, "I will never give you nothing to eat whenever I have to work the wing when we are short of staff." Plaintiff does not allege he went without food for any period of time, however, let alone an extended period of time. As before, these statements alone do not evince the wanton disregard for Plaintiff's health and safety necessary to plead a claim for deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). Plaintiff has not pleaded facts to allege Defendant Moye knew of and disregarded an excessive risk to Plaintiff's health or safety and then drew the inference. *Id*. at 837.

## ORDER

Accordingly, plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. A Final Judgment will be entered in accordance with the recommendations of the magistrate judge.

**SIGNED** this the 7 day of **April, 2022.**

_____
Thad Heartfield
United States District Judge